16-2017-CA-004495-XXXX-MA
CV-B

Filing # 59038050 E-Filed 07/14/2017 02:14:48 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO:
DIVISION:

KELSA TOBUREN, an individual,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Kelsa Toburen, individually, sues Defendant, State Farm Mutual Automobile Insurance Company, a foreign profit corporation, and alleges:

1. This is an action for damages that exceed $15,000.00, exclusive of interest and costs.

2. At all times material hereto, Plaintiff was and is a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") was a foreign corporation in the business of providing and selling insurance, including uninsured/underinsured motorist insurance ("UM") in the State of Florida, including Duval County, Florida.

4. Prior to December 11, 2013, Plaintiff purchased UM coverage from State Farm which had benefits extended to Plaintiff herein. The purpose of said coverage was to provide insurance in the event that the insured and/or passengers of the insured were injured by a party or

parties who did not have sufficient insurance to cover the damages suffered by Plaintiff. State Farm is in possession of the original complete policy.

5. On or about December 11, 2013 in Jacksonville, Duval County, driver Kaitlin McPeak (the "Driver") negligently operated or maintained a motor vehicle, such that it collided into the rear of the vehicle in which Plaintiff was the driver.

6. All conditions precedent to Plaintiff's right to bring this action have occurred, been waived or excused.

## COUNT I
## UNINSURED MOTORIST CLAIM AS TO STATE FARM

Plaintiff realleges paragraphs 1 through 6 herein and further states:

7. The Driver is uninsured for the bodily injuries sustained by Plaintiff.

8. Plaintiff has a claim based on her UM policy with State Farm.

9. Plaintiff has fulfilled all obligations precedent to payment of this claim. For the purposes of this claim, State Farm stands in the shoes of the Driver.

10. State Farm has failed to honor its above-referenced contract and policy of insurance with Plaintiff such that it has failed to acknowledge or pay Plaintiff's claim for benefits for the policy of insurance which is now due and remains unpaid, all to the detriment of Plaintiff.

11. As a direct and proximate result of the foregoing, Plaintiff suffered economic and non-economic damages resulting from bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition. The injuries sustained by Plaintiff are either permanent or continuing within a reasonable degree of medical probability and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment, including prejudgment interest and costs, against State Farm and demands a trial by jury on all issues in this cause.

## COUNT II
## STATUTORY BAD FAITH CLAIM AGAINST STATE FARM

Plaintiff realleges paragraphs 1 through 11 herein and further states:

12. At the time of the collision, Plaintiff was insured by State Farm under the aforementioned policy of UM insurance, which was in full force and effect.

13. Plaintiff timely reported the collision to State Farm.

14. Plaintiff asserted a claim for uninsured/underinsured motorist benefits with State Farm.

15. Plaintiff's claims were covered by the State Farm policy issued to Plaintiff.

16. Plaintiff cooperated with State Farm in the processing of Plaintiff's claim.

17. Given the nature of the collision and the seriousness of the injuries suffered by Plaintiff, a reasonable person faced with the potential liability for paying the entire loss suffered by Plaintiff would have settled the claim within the available amount of uninsured/underinsured motorist limits, if possible.

18. Plaintiff's claim is one which under the circumstances of the case should be settled by State Farm and could have been settled by State Farm had State Farm acted fairly and honestly, and with due regard for Plaintiff's injuries.

19. Plaintiff's claim was not settled and instead a lawsuit was filed against State Farm.

20. Plaintiff filed a Civil Remedy Notice of Insurer Violations with the Florida Department of Financial Services, and State Farm received the Civil Remedy Notice of Insurer Violations on or about July 14, 2017. A true and correct copy of the Civil Remedy Notice of Insurer Violations is attached hereto as Exhibit A.

21. Under the terms of the policy issued by State Farm and because of the relationship between State Farm and its insured, State Farm owed, by operation of law, a fiduciary duty to Plaintiff to handle every aspect of the adjustment and handling of the claims brought by Plaintiff fairly and honestly, and with due regard for Plaintiff's injuries.

22. This duty of good faith:

   a. Required State Farm to investigate and use proper diligence to determine the facts of the claim of Plaintiff;

   b. Required State Farm to initiate settlement negotiations as soon as it knew or should have known that Plaintiff's injuries and damages were in excess of the policy limits;

   c. Required State Farm to conduct all settlement negotiations in good faith considering Plaintiff's interests whenever those interests might be divergent from the interests of the insurance company;

   d. Required State Farm to settle the claims of Plaintiff for any amount up to the policy limits when it could have and should have done so, had it acted fairly and honestly, and with due regard for Plaintiff's interests;

   e. Required State Farm to handle Plaintiff's claim fairly and honestly, and with due regard for Plaintiff's interests; and

   f. Required State Farm to adopt and follow proper claims handling procedures to be implemented in the handling of Plaintiff's claims.

23. State Farm breached its duty of good faith by:

   a. Failing to investigate and use proper diligence to determine the facts of the claims of Plaintiff;

4

    b.    Failing to affirmatively initiate settlement negotiations, even after it knew or should have known that Plaintiff's injuries and damages exposed liability for damages in excess of the policy limits;

    c.    Failing to conduct settlement negotiations in good faith considering Plaintiff's interests wherever those interests might be divergent from the interests of the insurance company;

    d.    Failing to settle Plaintiff's claims within the available policy limits when it could have and should have done so, had it acted fairly and honestly, and with due regard for Plaintiff's interests;

    e.    Failing to handle Plaintiff's claims fairly and honestly, and with due regard for Plaintiff's interests;

    f.    Failing to advise Plaintiff of any settlement opportunities and the probable outcome of litigation; and

    g.    Failing to adopt and follow proper claims handling procedures to be implemented in the handling of Plaintiff's claims.

24.    As a result of one or more of these breaches by State Farm, Plaintiff was damaged by the full amount of the damages caused by the collision.

25.    As a result of one or more of these breaches by State Farm, Plaintiff has retained the undersigned attorney to bring this action and has become obligated to pay reasonable attorneys' fees and costs in connection with this lawsuit, which Plaintiff is entitled to recover from State Farm.

WHEREFORE, Plaintiff demands judgment against State Farm in the full amount of her damages, plus interest, plus costs and attorneys' fees for prosecuting this action, and demands a trial by jury to adjudicate the full amount of Plaintiff's damages on all issues.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 14th day of July 2017.

        **BAGGETT LAW**

        s/Matthew B. Baggett
        **MATTHEW B. BAGGETT**
        Florida Bar No.: 0015896
        9471 Baymeadows Road, Suite 105
        Jacksonville, Florida 32256
        Phone: 904.396.1100
        Fax: 904.404.8346
        mbb@baggettlaw.com (primary)
        *Counsel for Plaintiff*

### NOTICE OF DESIGNATION OF EMAIL ADDRESS

Matthew B. Baggett, pursuant to Rule 2.516, Florida Rules of Judicial Administration, hereby designates the address set forth in the signature block above for service by email.