**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KELSA TOBUREN,

    Plaintiff,

v.                              Case No. 3:17-cv-955-J-34JRK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss, Without Prejudice, or, Alternatively to Abate Count II of the Complaint (Doc. 4; Motion) filed on August 21, 2017. Plaintiff has responded to the Motion. See Plaintiff's Response in Opposition to Defendant's Memorandum of Law in Support of Its Motion to Dismiss, Without Prejudice, or, in the Alternative Abate Count II of the Plaintiff's Complaint (Doc. 8; Response) filed on September 6, 2017. Thus, the Motion is ripe for the Court's review.

On July 14, 2017, Plaintiff Kelsa Toburen ("Toburen") filed a two count complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). See Complaint (Doc. 2; Complaint). In Count I, she seeks uninsured motorist benefits. See id. at 2. In Count II, she asserts a statutory bad faith claim against State Farm. See id. at 3-5. On August 21, 2017, State Farm removed the action to this Court. See Notice of Removal (Doc. 1). Before doing so, State Farm filed the Motion seeking dismissal of Count II, the bad faith claim. See generally Motion. Following removal, State Farm filed

a memorandum in support of the Motion. See Defendant's Memorandum of Law in Support of Its Motion to Dismiss, Without Prejudice, or, in the Alternative Abate Count II of the Plaintiff's Complaint (Doc. 7; Memorandum). In the Memorandum, State Farm argues that Toburen's statutory bad faith claim is premature and, as such, should be dismissed. See Memorandum at 2-4. Toburen does not dispute that her bad faith claim is premature but asks the Court to abate the claim rather than dismiss it. See Response at 1-2.

Both Toburen and State Farm recognize the absence of consensus amongst Florida's District Courts in determining how to handle prematurely filed bad faith claims. See Memorandum at 3-4; Response at 1-2. Some courts, including the undersigned in a 2012 decision, have opted to abate such claims in the interest of judicial economy. Bele v. 21st Century Centennial Ins. Co., 126 F.Supp.3d 1293, 1295-96 (M.D. Fla. 2015) (collecting cases); Holmes v. GEICO Indemnity Co., Case No. 3:12-cv-271-J-99MMH-JBT, 2012 WL 12902911, at *4 (M.D. Fla. Nov. 5, 2012). More recently, other Florida District Courts have concluded that the case and controversy requirement of Article III of the United States Constitution counsels in favor of dismissal. See Shvartsman v. GEICO General Insurance Company, Case No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083 (M.D. Fla. June 23, 2017); Bele, 126 F.Supp.3d at 1295.

Upon consideration of this conflicting authority, the undersigned is persuaded by the reasoning of the more recent cases that dismissal without prejudice is the appropriate course of action. See Shvartsman, 2017 WL 2734083, at *1. As Judge Antoon explained:

> Although the Supreme Court of Florida favors abatement of unripe bad faith claims over dismissal, Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1229 (Fla. 2016), Florida courts do not have the same jurisdictional requirements as federal courts. Federal courts are courts of limited

> jurisdiction, Nat'l Advert. Co. v. City of Miami, 402 F.3d 1335, 1338 (11th Cir. 2005), and are bound by the "case and controversy" requirement in Article III of the Constitution, (id.), which prevents federal courts from adjudicating cases that are unripe or "rest[ ] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," Ralston, 2016 WL 6623728, at *3 (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). Because Plaintiffs' bad faith claim is indisputably not ripe for adjudication, the Court will dismiss the claim without prejudice to Plaintiffs' right to refile the claim after their [uninsured motorist] contract claim is resolved.

Id. Persuaded by this authority, the Court will grant State Farm's Motion, and dismiss Toburen's bad faith claim in Count II without prejudice to her refiling the claim at a later date if warranted.

In light of the foregoing, it is

**ORDERED:**

1. Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss, Without Prejudice, or, Alternatively to Abate Count II of the Complaint (Doc. 4) is **GRANTED**.

2. Count II of Plaintiff's Complaint is **DISMISSED without prejudice** to Plaintiff refiling the claim at a later date if warranted.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of October, 2017.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record